**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS A. SIMONIAN,<br><br>Plaintiff,<br><br>v.<br><br>HUNTER FAN COMPANY,<br><br>Defendant. | Civil Action No. 1:10-cv-01212<br><br>Hon. Amy J. St. Eve<br>Hon. Arlander Keys<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Hunter Fan Company ("Defendant"), by and through its counsel, submits the following Memorandum in Support of its Motion to Dismiss the Complaint of Plaintiff, Thomas A. Simonian ("Plaintiff"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and states as follows:

**INTRODUCTION**

This Court lacks subject matter jurisdiction over this action because this *qui tam* action is jurisdictionally barred under 31 U.S.C. § 3730(b)(5). The present case is the second-filed *qui tam* lawsuit against Hunter for false patent marking with respect to United States Patent No. 4,911,358 ("the '358 Patent") and Hunter's thermostat products. Congress expressly forbids second-filed *qui tam* actions such as the present one by virtue what has become known as the "first-to-file bar." Specifically, 31 U.S.C. § 3730(b)(5) provides "[w]hen a person brings an action under this section [a *qui tam* action], *no person* other than the Government may intervene or *bring a related action based on the facts underlying the pending action.*" 31 U.S.C. § 3730(b)(5) (emphasis added). Because Plaintiff's suit is the second-filed *qui tam* action and

contains the same material allegations as a pending *qui tam* action, the first-to-file rule under § 3730(b)(5) bars this Action.  Accordingly, as this limitation is jurisdictional in nature, Plaintiff's lawsuit must be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

## FACTUAL BACKGROUND

The relevant facts are established by the pleadings and are undisputed for purposes of this Motion.[1]  On February 23, 2010, at 2:56 p.m. Central Standard Time ("CST"), Plaintiff Thomas A. Simonian filed this "*qui tam* action on behalf of the public for false patent marking under 35 U.S.C. § 292."  (Ex. A - Compl. for False Patent Marking ("Compl.") ¶ 1.)  Count I of Plaintiff's Complaint is a false patent marking claim based on Hunter's alleged marking "the following products and/or packaging thereof, with the '358 Patent:  Hunter Set N Save Thermostat, the Hunter Just Right Thermostat, the Hunter Electronic Thermostat, and the Hunter Heat-Only Electronic Thermostat, and the Hunter Heat-only Electronic Thermostat."   (Compl. ¶ 12.) Plaintiff also alleges that Hunter "intentionally marked its products with the '358 Patent in an attempt to prevent competitors from entering the market and for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the '358 Patent."   (Compl. ¶ 19.)

Almost three hours before Plaintiff filed the present suit, a previous false patent marking *qui tam* action was filed against Hunter based on the same material allegations.  On February 23, 2010 at 11:04 a.m. CST, Patent Compliance Group, Inc. ("PCG") filed a *qui tam* action against Hunter "for false patent marking under Title 35, Section 292, of the United States Code."  (Ex. B – Compl. for False Patent Marking (hereinafter "PCG Compl.") ¶ 1.)   PCG alleges that Hunter falsely marked Hunter's Electronic Thermostat, Just Right Thermostat, Set & Save Thermostat,

---

[1] However, Hunter strenuously denies any allegations that it violated 35 U.S.C. § 292 and denies that it is liable for any claims of false patent marking with respect to its products.

the Heat/Cool Thermostat, Auto Saver Thermostat, and Easy Saver Thermostat with the expired '358 Patent, among other patents.[2] (PCG Compl. ¶¶ 29, 35-36.) As a result, the claims asserted in the PCG Complaint are identical, or virtually identical, to the claims asserted by Plaintiff in the present action, and the underlying material allegations are certainly identical. Both actions are still pending. (Ex. C – Docket for Civil Action No. 3:10-cv-0359-P as of April 28, 2010.)

Accordingly, Hunter files this Motion to Dismiss pursuant to Rule 12(b)(1) because Plaintiff's Complaint is jurisdictionally barred by 31 U.S.C. § 3730(b)(5). Thus, Hunter respectfully requests that Plaintiff's Complaint against Hunter be dismissed.

## ARGUMENT

This *qui tam* action is jurisdictionally barred and should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction. Section 3730(b)(5) bars later-filed actions alleging the same allegations of false patent marking described in a pending action. Because Plaintiff's Complaint asserts the same allegations as the earlier filed *qui tam* action against Hunter, it is barred by the "first-to-file rule." Consequently, the Court should dismiss Plaintiff's *qui tam* action for lack of subject matter jurisdiction.

### A. Section 3730(b)(5) Bars Later-Filed *Qui Tam* Actions Alleging the Same Material Allegations Asserted in a Pending Action.

Section 3730(b)(5) provides that "[w]hen a person brings an action under this section [a *qui tam* action], *no person* other than the Government may intervene or *bring a related action based on the facts underlying the pending action*." 31 U.S.C. § 3730(b)(5) (emphasis added). Indeed, § 3730(b)(5), the first-to-file rule, "is a jurisdictional limit on the courts' power to hear certain duplicative qui tam suits." *Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d 1276,

---

[2] PCG alleges false patent marking with respect to United States Patent Nos. 4,071,745; 4,200,910; 4,771,392; 4,881,686; 4,967,382; 5,012,973; 5,038,851; D317,267; and D317,875 in addition to the '358 Patent.

1278 (10th Cir. 2004) (citing *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1183 (9th Cir. 2001)).  The first-to-file rule seeks to "discourage opportunistic plaintiffs from filing parasitic lawsuits that merely feed off previous disclosures of fraud."  *Unites States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009).  "Section 3730(b)(5)'s plain language unambiguously establishes a first-to-file bar, preventing successive plaintiffs from bringing related actions based on the same underlying facts."  *Lujan*, 243 F.3d at 1187.  Further, "§ 3730(b)(5)'s plain language does not contain exceptions."  *Id.* (rejecting Lujan's contentions "because they would require this court to read exceptions into the statute's plain language.").

In order to bar a later-filed *qui tam* lawsuit under § 3730(b)(5), the allegations in the two *qui tam* actions need not be identical, but only "related."  In *United States ex rel. LaCorte v. SmithKline Beecham Clinical Labs., Inc.*, 149 F.3d 227 (3d Cir. 1998), the court noted that "the text of statute applies to '*related action*[s] based on the facts underlying the pending action.'" *Id.* (emphasis in original).  Section 3730(b)(5) "bars later-filed actions alleging the same material elements of fraud described in an earlier suit, regardless of whether the allegations incorporate somewhat different details."  *Lujan*, 243 F.3d at 1189 ("Most of the few courts that have addressed § 3730(b)(5) have rejected an identical facts test."); *United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 217-18 (D.C. Cir. 2003) (same).

Moreover, a later-filed action cannot avoid the first-to-file rule simply by adding additional factual details or additional instances of wrong doing than those described in the prior complaint.  In *Branch Consultants*, the court held that the plaintiff could not avoid the preclusive effect of the earlier-filed lawsuit "by focusing on additional instances of fraud occurring in other

4

geographic locations." *Branch Consultants*, 560 F.3d at 378.  The *Branch Consultants* court reasoned that:

> Any construction of § 3730(b)(5) that focused on the details of the later-filed action would allow an infinite number of copycat *qui tam* actions to proceed so long as the relator in each case alleged one additional instance of the previously exposed fraud.  This result cannot be reconciled with § 3730(b)(5)'s goal of preventing parasitic *qui tam* lawsuits.

*Id.* (citing *United States ex rel. Laird v. Lockheed Martin Eng'g & Sci. Serv. Co.*, 336 F.3d 346, 351 (5th Cir. 2003)); *see also LaCorte*, 149 F.3d at 232-33 (noting § 3730(b)(5) bars "a later-filed action alleging the same elements of fraud described in an earlier suit" even when the later-filed action does "not rest on precisely the same facts as a previous claim").  "Limiting § 3730(b)(5) to only bar actions with identical facts…would have no additional benefit for the government, 'since once the government knows the essential facts of a fraudulent scheme, it has enough information to discover related frauds.'"  *Lujan*, 243 F.3d at 1189 (quoting *LaCorte*, 149 F.3d at 234).  Accordingly, so long as the allegations are "related" regardless of whether they are identical, the second-filed action is barred under 31 U.S.C. § 3730(b)(5).

Therefore, there can be little doubt that a second-filed *qui tam* action for false patent marking regarding the same expired patent and the same products would be barred by § 3730(b)(5).

      **B.**    **Plaintiff's Allegations are Based on the Same Material Elements of Fraud Alleged in the Prior-filed *Qui Tam* Action, and Therefore, Barred Pursuant to the First-to-File Rule.**

Plaintiff's Complaint is barred by PCG's Complaint filed prior to this action.  In determining whether 31 U.S.C. § 3730(b)(5) bars a later action, courts compare the allegations of the complaint with those asserted in the earlier complaint.  *LaCorte*, 149 F.3d at 234 n.6.  Comparing Plaintiff's allegations with those of PCG's Complaint confirms that Plaintiff asserts the "same material elements" of a false patent marking claim as those contained in PCG's

5

Complaint.  Indeed, both *qui tam* actions are currently pending and seek damages under the same statutory provision (35 U.S.C. § 292) for false patent marking of the same products (Hunter's thermostat products) with regard to the same expired patent (the '358 Patent).  (Ex. A - Compl. ¶¶ 1-3, 11-24; Ex. B – PCG Compl. ¶¶ 1-2, 21, 30, 35-36.)

For example, Plaintiff asserts that Hunter "intentionally marked its products with the '358 Patent in an attempt to prevent competitors from entering the market and for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by the '358 Patent." (Ex. A - Compl. ¶ 19.)  Similarly, PCG alleges that Hunter "intended to and has deceived the public by marking the Patent Expired Products [Hunter's thermostats] with one or more of the Expired Patents [including the '358 Patent] after expiration." (Ex. B - PCG Compl. ¶ 40.)  There simply can be no question that the allegations in the two actions are sufficiently "related" for purposes of § 3730(b)(5) to bar Plaintiff's later-filed *qui tam* action.  *See Branch Consultants*, 560 F.3d at 376-77 ("[I]f Branch's claim had already been filed by another, the district court lacked subject matter jurisdiction and was required to dismiss the action.").

Further, the fact that the later-filed action is filed in a different district than PCG's Complaint is insufficient to avoid the jurisdiction bar under the first-to-file rule.  Numerous courts have repeatedly stated that geographic differences are "not the type of 'material fact' that will protect [the] complaint from § 3730(b)(5)'s first-to-file bar." *United States ex rel. Ortega v. Columbia Healthcare Inc.*, 240 F. Supp. 2d 8, 17 (D.D.C. 2003).  Barring Plaintiff's Complaint is simply mandated by the plain language of § 3730(b)(5), which prohibits later-filed "related" actions regardless of where the suits are filed and regardless of whether the allegations relate to conduct occurring in different geographic areas.  *See Branch Consultants*, 560 F.3d at 378.

Not only are the material allegations in Plaintiff's Complaint the same as those contained in a pending action, but also Plaintiff's Complaint is second in time to PCG's Complaint, and therefore barred as the later-filed *qui tam* suit. Plaintiff's Complaint was filed at 2:56 p.m. CST while PCG's Complaint was filed in the Northern District of Texas approximately 3 hours earlier at 11:04 a.m. CST. (Ex. B – PCG Compl. at 1.) "Section 3730(b)(5)'s plain language unambiguously establishes a first-to-file bar, preventing successive plaintiffs from bringing related actions based on the same underlying facts." *Lujan*, 243 F.3d at 1187. Because Plaintiff is a successive plaintiff under 31 U.S.C. § 3730(b)(5), Plaintiff's Complaint is jurisdictionally barred. *See Grynberg v. Koch Gateway Pipeline Co.*, 390 F.3d at 1278 (noting the first-to-file rule "is a jurisdictional limit on the courts' power to hear certain duplicative qui tam suits"). It would be unnecessarily duplicative and unreasonably burdensome to require Hunter to defend simultaneous false patent marking suits regarding the same products and the same expired patent. *Lujan*, 243 F.3d at 1187 ("[A]n exception-free, first-to-file bar conforms with the dual purposes of the 1986 amendments: to promote incentives for whistle-blowing insiders and prevent opportunistic successive plaintiffs."). Furthermore, it would inconsistent with Congress' intent in enacting § 3730(b)(5) to allow multiple *qui tam* actions to proceed: "multiple relators would expect a recovery for the same conduct, thereby decreasing the total amount each relator would potentially receive and incentives to bring the suit." *Id.* at 1189.

Accordingly, because Plaintiff's Complaint contains the same material allegations of false patent marking as a pending action and is the second-filed suit, it is jurisdictionally barred under 31 U.S.C. § 3730(b)(5) and should be dismissed.

## **CONCLUSION**

For the foregoing reasons, Hunter respectfully requests that this action be dismissed for lack of subject matter jurisdiction pursuant to 31 U.S.C. § 3730(b)(5) and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

    Respectfully submitted,

    Andrew R. Hein
    ARDC No.: 6280188
    HARBIN & HEIN, PLLC
    Two Prudential Plaza
    180 N. Stetson Street, Suite 3500
    Chicago, IL  60601
    312-371-6578 (telephone)
    312-275-7510 (facsimile)

    OF COUNSEL:
    Dorian B. Kennedy
    Georgia Bar No.: 414385
    L. Clint Crosby
    Georgia Bar No.: 197877
    BAKER, DONELSON, BEARMAN,
     CALDWELL & BERKOWITZ, P.C.
    3414 Peachtree Road, N.E., Suite 1600
    Atlanta, GA  30328
    404-577-6000 (telephone)
    404-221-6501 (facsimile)

    Adam S. Baldridge
    Tennessee Bar No.: 23488
    BAKER, DONELSON, BEARMAN,
     CALDWELL & BERKOWITZ, P.C.
    165 Madison Ave., Suite2000
    Memphis, Tennessee 38103
    901-526-2000 (telephone)
    901-577-0838 (facsimile)

    *Attorneys for Hunter Fan Company*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and exact copy of the foregoing was served upon all counsel of record via the Court's electronic filing notice this 30th day of April, 2010.

_____