**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THOMAS A. SIMONIAN, <br><br> Plaintiff, <br><br> v. <br><br> HUNTER FAN COMPANY, <br><br> Defendant. | Civil Action No. 1:10-cv-01212 <br><br> Hon. Amy J. St. Eve <br> Hon. Arlander Keys <br><br> **JURY TRIAL DEMANDED** |

## **DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant, Hunter Fan Company ("Defendant"), by and through its counsel, submits the following as its Reply in Support of its Motion to Dismiss the Complaint of Plaintiff, Thomas A. Simonian ("Plaintiff"), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and states as follows:

### **INTRODUCTION**

In attempt to avoid dismissal of Plaintiff's Complaint, Plaintiff argues that its suit is not barred even though it is the second-filed *qui tam* action for false patent marking against Hunter related to U.S. Patent No. 4,911,358 ("the '358 Patent") and Hunter's thermostat products. Plaintiff has not cited to any authority which would suggest that multiple *qui tam* actions are permitted under 35 U.S.C. § 292. It is Plaintiff, as a *qui tam* relator, who bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence. *See United States v. San Francisco Housing Authority*, 173 F. Supp. 2d 987, 992 (N.D. Cal. 2001) (Plaintiffs, "as the *qui tam* plaintiffs, bear the burden of establishing subject matter jurisdiction by a preponderance of the evidence."). Section 292 only authorizes a single false marking *qui tam* action. 35 U.S.C.

§ 292. Indeed, the plain language of 35 U.S.C. § 292 dictates that subject matter jurisdiction for a false marking be limited to the first-filed action as § 292 only provides for a single lawsuit and a single recovery. 35 U.S.C. § 292(b).

Additionally, even assuming that the "first-to-file" rule for *qui tam* actions is not directly applicable to false marking suits, the reasoning behind the "first-to-file" rule applies equally to *qui tam* action under 35 U.S.C. § 292 and further supports the plain language of § 292 as only authorizing a single *qui tam* action for false patent marking. Indeed, it would be an absurd result to find that § 292 permits an unlimited number of false marking suits based on the same products and the same patents. In that event, nothing is to prevent every person in the world from filing a parasitic false marking suit based on a pending and previously filed false marking suit. The burden and harm to patent holders in having to defend against an unlimited number of false marking suits would be catastrophic and dwarf any alleged harm purportedly caused by a mismarked product. This cannot be Congress' intent. Nothing in § 292 or its legislative history supports such an extreme result. In fact, the plain language of the statute supports the exact opposite conclusion. Accordingly, the Court should find that Plaintiff's Complaint is barred by the previously filed and currently pending action in Texas against Hunter for false patent marking of Hunter's thermostat products with the '358 Patent.

## ARGUMENT

Because Plaintiff's false patent marking action is the second-filed false patent marking action on behalf of the government against Hunter, Plaintiff's Complaint is barred regardless of whether the Court looks to 31 U.S.C. § 3730(b)(5) or the plain language of 35 U.S.C. § 292. 35 U.S.C. § 292 plainly provides for a single *qui tam* recovery by a single plaintiff on behalf of the government: "[a]ny person may sue for *the penalty*, in which event one-half shall go to *the*

*person* suing and the other to the use of the United States." 35 U.S.C. § 292(b) (emphasis added). The statute plainly provides for one penalty – "the penalty" – not multiple and repeated penalties. Significantly, § 292(b) uses the definite article "the" instead of the indefinite article "a" in referring to the penalty, indicating that there is to be a single recovery, i.e., "the penalty." 35 U.S.C. § 292(b). Indeed, numerous courts, engaging in statutory construction, have interpreted the definite article "the" to be limiting and singular in number. *See, e.g., Am. Bus Ass'n v. Slater*, 231 F.3d 1, 4-5 (D.C. Cir. 2000) ("[I]t is a rule of law well established that the definite article 'the' particularizes the subject which it precedes. It is a word of limitation as opposed to the indefinite or generalizing force of 'a' or 'an.'"); *S.E.C. v. KPMG LLP*, 412 F. Supp. 2d 349, 387-88 (S.D.N.Y. 2006) ("A statutory provision's use of the definite article 'the,' as opposed to the indefinite 'a,' 'an,' or 'any,' indicates that Congress intended the term modified to have a *singular* referent.") (emphasis added); *see also Sibenaller v. Milschewski*, 379 Ill. App. 3d 717, 722, 884 N.E.2d 1215, 1219 (Ill. App. Ct. 2008) ("[A] principle of statutory construction is that 'the definite article "the" particularizes the subject which it precedes. *It is a word of limitation as opposed to the indefinite or generalizing force of "a" or "an."'*") (emphasis in original) (citing Webster's Third New International Dictionary 2368 (1986)); *McClure Estimating Co. v. H.G. Reynolds Co., Inc.*, 523 S.E.2d 144, (N.C. Ct. App. 1999) ("Use of the definite article 'the' suggests that the legislature referred to one specific contract, the prime contract, rather than all of the subcontracts entered into on a given project…The addition of the definite article 'the'…*is a significant limiting term*.") (emphasis added); *In re Garriock*, 373 B.R. 814, 816 (E.D. Vir. Bankr. 2007) ("The narrow meaning of that 'specific phrasing' is indicated by the use of the definite article 'the' instead of the indefinite 'a' or 'an.'"). Therefore, in using the definite article "the," Congress intended for a *qui tam* plaintiff bringing a false

marking claim under 35 U.S.C. § 292 to be limited to one award, i.e., "the penalty," in one *qui tam* action, not repeated penalties for the same mismarking.

Moreover, the definite article "the" also precedes the word "person" again indicating Congress' intent to authorize a single *qui tam* relator on behalf of the government for a single act of false marking.  *See* 35 U.S.C. § 292(b); *see also Halton v. Fawcett*, 675 N.W.2d 880, 701-02 (Mich. Ct. App. 2004) ("With the use of the definite article 'the' with the second occurrence of the word 'person'…, it is clear that the statute requires that *the* person commencing a medical malpractice action be the person who previously served a notice of intent on the defendant."); *Anderson v. Jensen Racing, Inc.*, 324 Or. 570, 578-79 (1997) (noting the definite article "the" functions as an adjective that denotes a particular and specified thing).  Because Congress used the limiting and singular definite article "the" instead of an open-ended indefinite article, Congress intended for a single recovery by a single *qui tam* plaintiff.

Furthermore, even assuming *arguendo* that the "first-to-file" rule under 31 U.S.C. § 3730(b)(5) is not directly applicable to Plaintiff's Complaint, the reasoning behind the "first-to-file" rule applies with equal force to *qui tam* actions for false patent marking.  Without some limitation on the ability of later-in-time *qui tam* plaintiffs to bring suits under 35 U.S.C. § 292 for false patent marking, every person in the entire world could file a parasitic claim based on a previously-filed false marking suit and attempt to seek a separate reward for the same mismarking.  Nothing in 35 U.S.C. § 292 remotely supports such an extreme and expansive interpretation of § 292.  Defending against two suits, much less an unlimited number of *qui tam* actions for the same alleged false marking, would be extremely burdensome and simply cannot be what Congress intended under 35 U.S.C. § 292.  Indeed, the reasoning behind the "first-to-file" rule is instructive in this regard because it seeks to "discourage opportunistic plaintiffs from

4

filing parasitic lawsuits that merely feed off previous disclosures of fraud." *Unites States ex rel. Branch Consultants v. Allstate Ins. Co.*, 560 F.3d 371, 376 (5th Cir. 2009). Furthermore, allowing multiple *qui tam* actions for the same false marking would be inconsistent with Congress' intent in authorizing a *qui tam* action because the incentive to police against false marking would be diminished, as the court noted in the context of the False Claims Act: "multiple relators would expect a recovery for the same conduct, thereby decreasing the total amount each relator would potentially receive and incentives to bring the suit." *United States ex rel. Lujan v. Hughes Aircraft Co.*, 243 F.3d 1181, 1189 (9th Cir. 2001); *see also Hughes Aircraft Co. v. United States ex rel. Schumer*, 520 U.S. 939, 949 ("[Q]*ui tam* relators are different in kind than the Government. They are motivated primarily by prospects of monetary awards rather than the public good.").

There can be no doubt that multiple *qui tam* actions on behalf of the government are inconsistent with the plain language of 35 U.S.C. § 292(b) and inconsistent with Congress' intent in authorizing a *qui tam* action to recover a single penalty for false marking. Accordingly, to the extent that this *qui tam* action is not jurisdictionally barred under 31 U.S.C. § 3730(b)(5), the Plaintiff's Complaint is barred by the plain language of 35 U.S.C. § 292.

## CONCLUSION

For the foregoing reasons, Hunter respectfully requests that this action be dismissed for lack of subject matter jurisdiction under either 31 U.S.C. § 3730(b)(5) or 35 U.S.C. § 292 and Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Respectfully submitted,

*/s/ Andrew R. Hein*
Andrew R. Hein

5

HARBIN & HEIN PLLC
ARDC No.: 6280188
Two Prudential Plaza
180 N. Stetson Street, Suite 3500
Chicago, IL  60601
312-371-6578 (telephone)
312-275-7510 (facsimile)

OF COUNSEL:
Dorian B. Kennedy
Georgia Bar No.: 414385
L. Clint Crosby
Georgia Bar No.: 197877
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
3414 Peachtree Road, N.E., Suite 1600
Atlanta, GA  30328
404-577-6000 (telephone)
404-221-6501 (facsimile)

Adam S. Baldridge
Tennessee Bar No.:  23488
BAKER, DONELSON, BEARMAN,
 CALDWELL & BERKOWITZ, P.C.
165 Madison Ave., Suite2000
Memphis, Tennessee 38103
901-526-2000 (telephone)
901-577-0838 (facsimile)

*Attorneys for Hunter Fan Company*

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and exact copy of the foregoing was served upon all counsel of record via the Court's electronic filing notice this 16th day of June, 2010.

_____