**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

THOMAS A. SIMONIAN,        )
                                )
             Plaintiff,      )
                                )     Case No.  10 C 1212
         v.                    )
                                )
HUNTER FAN COMPANY,     )
                                )
            Defendant.    )

## <u>MEMORANDUM OPINION AND ORDER</u>

AMY J. ST. EVE, District Court Judge:

Defendant Hunter Fan Company ("Defendant" or "Hunter") has moved to transfer venue to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a).  Based on the Court's review of the relevant factors, Defendant's motion to transfer venue to the Western District of Tennessee is granted.

## BACKGROUND

### I.     Procedural History

Defendant Hunter Fan Company ("Defendant" or "Hunter") is a Delaware corporation with its headquarters and operations located in Memphis, Tennessee.  Hunter manufactures and distributes home comfort products, including thermostats, which it markets for sale worldwide. Plaintiff Thomas Simonian ("Plaintiff") resides in Geneva, Illinois.

On February 23, 2010, Plaintiff Thomas Simonian filed the present *qui tam* lawsuit alleging that Hunter intentionally marked certain of its products[1] with United States Patent No.

---

[1]  Plaintiff identified the products at issue in this lawsuit as the Hunter Set N Save Thermostat, the Hunter Just Right Thermostat, the Hunter Electronic Thermostat, and the Hunter Heat-Only Electronic Thermostat.  (R. 1, Compl. ¶ 2.)

4,911,358 (the "'358 Patent") in violation of 35 U.S.C. § 292. Approximately three hours before Plaintiff filed his complaint, Patent Compliance Group, Inc. ("PCG"), a Texas corporation, filed a similar *qui tam* lawsuit against Hunter alleging false patent marking under 35 U.S.C. § 292. Among PCG's allegations are false patent marking claims relating to Hunter products marked with the '358 Patent. (R. 32-3, PCG Compl. at ¶ 36.)

PCG filed its lawsuit in the Northern District of Texas. On June 7, 2010, that court transferred venue to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). *Patent Compliance Group, Inc. v. Hunter Fan Co.*, No. 10 C 0359 (N.D. Tex. June 7, 2010). In its motion before the Court, Hunter requests that the Court also transfer venue of this case to the Western District of Tennessee pursuant to 28 U.S.C. § 1404(a). (R. 31, Def.'s Mot. to Transfer.)

## II.     Factual Background

Hunter is a Delaware corporation that is headquartered in Tennessee. Hunter designs, develops, and sells home products including thermostats, fans, and air purifiers. Hunter conducts its operations in Memphis, and it maintains its production, packaging and distribution facilities in the Memphis area. Approximately 250 Hunter employees reside in and around Memphis. (R. 32, Def.'s Mem. at 3.)

Plaintiff resides in the Northern District of Illinois. Plaintiff alleges that Hunter has been marking at least four of its thermostats with a patent that expired on November 29, 2008, and that Hunter is selling those falsely marked products within the District. (R. 1, Compl. ¶¶ 2, 8.) Plaintiff specifically claims that Hunter has intentionally marked its products with the now-expired '358 Patent "in an attempt to prevent competitors from entering the market and for the purpose of deceiving the public into believing that something contained in or embodied in the

products is covered by or protected by the '358 Patent."  (R. 1, Compl. ¶ 19.)

## LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).  Transfer is appropriate where the moving party demonstrates the following: (1) venue was proper in the transferor district; (2) venue and jurisdiction would be proper in the transferee district; and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice.  *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995).  The movant bears the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient.  *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).  In assessing a motion to transfer, the Court must consider the statutory factors in light of all of the circumstances of the case.  *Id.*  The Court is not limited to the allegations in the complaint and may consider affidavits in addressing the motion to transfer.  *See, e.g., Simes v. Jackson Nat'l Life Ins. Co.*, 2005 WL 2371969, 2005 U.S. Dist. LEXIS 21352, *4-*5 (N.D. Ill. Sept. 22, 2005).  The weight accorded to each factor is committed to the sound discretion of the Court.  *Coffey,* 796 F.2d at 219.

## ANALYSIS

The parties do not argue that venue is improper in this district or the transferee district. Instead, the parties dispute whether transfer is warranted for the convenience of the parties and witnesses and whether transfer serves the interest of justice.  For the following reasons, the Court grants Defendant's motion to transfer venue.

**I.      The Western District of Tennessee is a More Convenient Forum than the Northern District of Illinois**

In analyzing the third prong of § 1404(a), the Court must look to both private and public interests. *United Air Lines, Inc. v. Mesa Airlines, Inc.*, 8 F. Supp. 2d. 796, 798 (N.D. Ill. 1998). Four factors bear on the private interests: (1) the plaintiff's choice of forum; (2) the situs of the material events; (3) the relative ease of access to sources of proof; and (4) the convenience to the witnesses and parties. *Id.* "The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and therefore, is committed to the sound discretion of the trial judge." *Coffey*, 796 F.2d at 219. Defendant has "the burden of establishing, by reference to particular circumstances, that the transferee forum is clearly more convenient." *Id.* at 219-20. Defendant has met this burden.

**A.      Plaintiff's Choice of Forum and the Location of Material Events**

Normally, a plaintiff's choice of forum is entitled to "substantial deference," particularly when it is plaintiff's home forum. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). While a plaintiff's choice of forum is an important consideration in deciding whether to grant a motion for transfer, it is not absolute and will not defeat a well-founded motion to transfer. *Id.* If the forum does not have a significant relationship to the material events leading to the litigation, courts afford the plaintiff's choice less deference. *Id.*

The parties agree that material events took place in Tennessee, but dispute whether any material events occurred in Illinois. Hunter argues that all of the material events in this lawsuit took place in Tennessee, and asserts that because (i) all of the product packaging, production and distribution decisions at issue in this lawsuit are made in Memphis, and (ii) all of the product packaging alleged to have been falsely marked is developed and designed in Memphis, this

factor weighs heavily in favor of a transfer.  (R. 34, Def.'s Reply at 5.)  Plaintiff does not dispute

Hunter's representations, but instead argues that the sale of the accused products in Illinois

constitutes additional "material events" that weigh heavily against transfer.  (R. 33, Pl.'s Resp. at

8.)  The Court finds Plaintiff's argument unpersuasive.  The sale of falsely marked products is

one component of this lawsuit.  Evidence regarding Hunter's decision to "mark[] upon, or affix[]

to, or use[] in advertising in connection with any unpatented article the word "patent" or any

word or number importing the same is patented, for the purpose of deceiving the public," 35

U.S.C. § 292(a), however, is where liability hinges, and Hunter made these decisions in

Memphis.  For these reasons, Plaintiff's choice of forum receives less deference and the location

of material events factor weighs in favor of transfer to the Western District of Tennessee.

### B. Relative Ease of Access to Sources of Proof

Hunter has established via affidavit that "virtually all of the proof relevant to the claims"

in this lawsuit, including all documentation regarding Hunter's patents and its product packaging

displaying the patent markings, is located in Memphis.  (R. 32-4, Aff. of Daniel Rowton, ¶ 4.)  In

addition, Hunter refutes that there is any evidence relevant to Plaintiff's claims located in

Illinois. (R. 32, Def.'s Mem. at 7; R. 34, Def.'s Reply at 5.)

Plaintiff asserts that Hunter "will certainly seek to depose" him and obtain tangible

evidence in his possession, and argues that these facts weigh against a transfer out of this

District.  (R. 33, Pl.'s Resp. at 8.)  Plaintiff does not, however, identify any evidence he has in

his possession that would weigh against a transfer of venue.  Hunter dismisses the likelihood that

Plaintiff will have much, if any, evidence pertaining to this case, noting the nature of the *qui tam*

lawsuit, which is by definition filed by an individual not only on his own behalf but on behalf of

the United States. Therefore, the Court finds that the relative ease of access to sources of proof weighs in favor of a transfer.

### C. Convenience to the Witnesses and Parties

In evaluating the convenience of the witnesses, the Court considers "the availability of compulsory process for the attendance of unwilling witnesses and the costs of obtaining the attendance of the witnesses." *Von Holdt*, 887 F. Supp. at 188. This factor is often viewed as the most important in the transfer balance. *Tingstol v. Rainbow Sales, Inc.*, 18 F. Supp. 2d 930, 933 (N.D. Ill. 1998). The convenience of witnesses who are within a party's control is far less important than the convenience of non-party witnesses. *Int'l Truck & Engine Corp. v. Dow-Hammond Trucks Co.*, 221 F. Supp. 2d 898, 904 (N.D. Ill. 2002) ("Because these witnesses are within plaintiffs' control however, the court is not persuaded that the convenience of these witnesses favors the plaintiffs."); *Confederation Des Brasseries De Belgique v. Coors Brewing Co.*, No. 99 C 7526, 2000 WL 88847, *5 (N.D. Ill. Jan 20, 2000) ("The location of the parties' executives and employees is irrelevant on the issue of witness convenience. It is presumed that a party's employees will appear as witnesses voluntarily.").

Plaintiff does not identify a single witness – residing in Illinois or elsewhere – who he anticipates he will call at trial. By contrast, Hunter has provided an affidavit naming eight witnesses who will testify in this action. (R. 32-4, Aff. of Daniel Rowton, ¶ 9.) All of the witnesses reside and work in the Memphis area. (*Id*. at ¶¶ 6, 9.) One of those witnesses, Gary Feder, is a former Hunter employee who lives and works in the Memphis area. (*Id*. at ¶ 9.) The convenience of the witnesses factor therefore weighs in favor of transferring the case to the Western District of Tennessee.

Assessing the convenience of the parties, on the other hand, requires consideration of "their respective residences and abilities to bear the expense of trial in a particular forum." *Von Holdt v. Husky Injection Molding Sys.*, 887 F. Supp. 185, 188 (N.D. Ill. 1995). "Transfer is inappropriate if it 'merely transforms an inconvenience for one party into an inconvenience for the other party.'" *Brandon Apparel Group, Inc. v. Quitman Mfg. Co.*, 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999), quoting *Chemical Waste Mgmt. v. Sims*, 870 F. Supp. 870, 876 (N.D. Ill. 1994).

Plaintiff resides in Illinois. Hunter's executives and employees all reside in the Western District of Tennessee. Plaintiff asserts that litigating this case in Tennessee will greatly increase his costs, and states that a transfer of venue would confer a greater financial hardship on him because he is an individual as opposed to "a large corporation" (Hunter). (R. 33, Pl.'s Resp. at 7.) While this sounds plausible, Plaintiff does not develop his argument. He asserts this conclusion without even approximating the financial burden he claims he will suffer if the case is transferred, and he fails to identify the source(s) of his posited cost increases.[2] In contrast, Hunter argues that because all of its employee-witnesses reside in the Memphis area, which is located approximately 530 miles away from Chicago, it will suffer significant travel and lodging costs to litigate in this District. (R. 32, Def.'s Mem. at 9.) Hunter lists at least seven employee-witnesses who it deems "critical" in defending against Plaintiff's claims. (*Id.*) Weighing each party's claims, the Court finds that this factor favors neither party.

## II.    Interest of Justice

---

[2] Compounding the Court's difficulty in ascertaining the validity of Plaintiff's assertion is the fact that, to date, Plaintiff has filed forty-one false patent marking cases in this District. Basic math reveals that Plaintiff has spent $14,350.00 in filing fees alone as a litigant in these cases. The large number of cases Plaintiff has filed also suggests that he is familiar with how to litigate these cases.

"The 'interest of justice' is a separate component of a § 1404(a) transfer analysis, and may be determinative in a particular case, even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220 (internal citations omitted). "Factors traditionally considered in an 'interest of justice' analysis relate to the efficient administration of the court system," such as likelihood of a speedy trial, feasibility of consolidation, and in a diversity case, familiarity of judges with applicable law. *Id*. at 221.

### A.    Congestion of Court Dockets and the Likelihood of an Earlier Trial

"Two statistics bear significant relevance when analyzing the likelihood of a speedy trial." *Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 837 (N.D. Ill. 2004). "The first is the median number of months from filing to disposition, and the second is the median number of months from filing to trial." *Id.* Plaintiff relies on the 2009 Federal Court Management Statistics, which reflect that, in the Northern District of Illinois, the median number of months from filing to disposition for a case is 6.2 months, versus 11.7 months in the Western District of Tennessee. (R. 33-3, Pl.'s Resp., Ex. C, U.S. District Court - Judicial Caseload Profile.) The time to trial is comparable in both districts. (*Id*.; R. 33, Pl.'s Resp. at 9.) Accordingly, the likelihood of a speedy trial factor is neutral.

### B.    Possibility of Consolidation with Related Litigation

The prospect of consolidating this case with the previously-filed PCG *qui tam* lawsuit strongly favors transferring the case to the Western District of Tennessee. Transfer is particularly appropriate when the lawsuit in the transferor venue can be feasibly consolidated with related litigation pending in the transferee venue. *Coffey*, 796 F.2d at 221; *see also Great West Cas. Co. v. DeKeyser Express, Inc.*, No. 05 C 2681, 2005 WL 2861074, at *6 (N.D. Ill.

Oct. 31, 2005) ("[I]nterests of judicial economy favor transferring [a] case . . . to avoid duplicative and redundant judicial efforts."); *United States v. Monkman*, No. 86 C 3671, 1986 WL 11999, at *2 (N.D. Ill. Oct. 17, 1986) ("A pending related federal action in the proposed venue is a factor of considerable weight on a motion to transfer.").

Plaintiff argues that transfer is unwarranted because the two cases are not identical. Plaintiff attempts to distinguish his *qui tam* action from the PCG *qui tam* action by pointing out that only two of the four products that he identified in his complaint are named in the PCG lawsuit. (R. 33, Pl.'s Resp. at 3.) While this statement is factually accurate, the lawsuits nevertheless contain two undeniably identical false patent marking claims. Given the strong overlap between these lawsuits, it would waste time, energy, and money to allow these two cases to proceed in different districts – the very problems sought to be prevented by § 1404(a). *See Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960); *SEC v. First Nat'l Fin. Corp.*, 392 F. Supp. 239, 241 (N.D. Ill.1975) ( "As a general proposition, cases should be transferred to districts where related actions are pending.").

III. **Balancing the Factors**

Venue is proper in the Northern District of Illinois, and venue and jurisdiction are both proper in the Western District of Tennessee. None of the convenience factors weigh heavily in favor of Plaintiff. By contrast, the convenience factors and the interests of justice analysis both weigh in favor of transferring venue to the Western District of Tennessee. The Western District of Tennessee is the site of material events in the lawsuit and the location where most, if not all, of the evidence relevant to the lawsuit is located. In addition, there is a substantially similar *qui*

*tam* false patent marking lawsuit pending against Hunter in the Western District of Tennessee, which raises the possibility of consolidation. Accordingly, Hunter has carried its burden.

## CONCLUSION

For the foregoing reasons, Defendant's motion to transfer venue to the Western District of Tennessee is granted. The case is hereby transferred to the Western District of Tennessee.

**Date:** October 7, 2010

**ENTERED**

**AMY J. ST. EVE**
**United States District Court Judge**